UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THE SERVICE SOURCE, INC. f/k/a**
**MIDWEST TRANSIT CORPORATION,**
**OFFICEVILLE, LLC,**

    **Plaintiff,**

                                            Case No. 02-CV-73361-DT

**v.**

                                            HONORABLE DENISE PAGE HOOD

**OFFICE DEPOT, INC.,**

    **Defendant.**

_____/

**ORDER RE: MOTION FOR RECONSIDERATION**

On April 12, 2005, the Court entered a Memorandum Opinion and Order on the parties' various motions for summary judgment. Defendant Office Depot, Inc. filed a Motion for Reconsideration on April 26, 2005.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten (10) days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

Defendant claims that the Court did not determine whether the "alleged" unilateral contract offer was sufficiently definite and that under the law of unilateral contracts, Plaintiff has no right to prospective enforcement, noting the Court's analysis of the case cited by Defendant, *Oak Distributing Co. v. Miller Brewing Co.,* 370 F.Supp. 889 (E.D. Mich. 1973). Defendant further claims that if the agreement is a bilateral contract, it lacks mutuality. Defendant also claims that the Court did not account for all contract language, specifically the schedule of customer locations as noted in paragraph 1 of the Agreement and the provision giving Defendant the complete discretion to reject any or all referrals.

The Court finds that the motion presents the same issues ruled upon by the Court, either expressly or by reasonable implication. The Court further finds that the movant has not demonstrated a palpable defect by which the Court and the parties have been misled nor has Defendant shown that a different disposition of the case would result from a correction of any error.

As to the definiteness of the contract at issue, the Court notes that it addressed, either expressly or by implication, the definiteness issue in its analysis of Plaintiff's Breach of Contract claim. Regarding whether Plaintiff is entitled to prospective enforcement if the Court were to find a unilateral contract, in light of Plaintiff's statement that it is seeking prospective relief, the Court finds that there is a genuine issue of fact as to whether Plaintiff is entitled to future damages in light of the contract language. The Court noted in its previous opinion that the *Oak Distributing* case did not discuss unilateral contracts in its analysis. Additionally, *Oak Distributing* involves a buyer-seller relationship, whereas this case involves a referral case, similar to a sales representative contract. As to prospective relief or damages, Michigan courts have held that in a breach of a sales representative agreement, the measure of a plaintiff's damages is the profits which the plaintiff

might have realized had the plaintiff been permitted to perform the contract and that an award of damages after the termination of the contract is allowed. *See Callender v. Myers Regulator Co.,* 250 Mich. 298, 300 (1930); *Van Pembrook v. Zero Mfg. Co.,* 146 Mich. App. 87, 99 (1986).

Regarding the mutuality issue, even if this contract is a bilateral contract, Michigan courts have held that the enforceability of a contract depends on consideration and not mutuality of obligation. *See Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 600 (1980). As to Defendant's argument that the Court did not account for all contract language, specifically the schedule of customer locations as noted in paragraph 1 of the Agreement and the provision giving Defendant the complete discretion to reject any or all referrals, the Court addressed these issues in its opinion, either expressly or implicitly. The Court denied Defendant's summary judgment motion based on these arguments, finding a genuine issue of material fact on these issues.

Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration or for Clarification **(Docket No. 85, filed April 26, 2005)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to file Response to the Motion for Reconsideration or Clarification **(Docket No. 86, filed May 11, 2005)** is GRANTED as to the arguments contained in its brief. The Court does not require any further briefing in this matter.

IT IS FURTHER ORDERED that Defendant's Appeal from the Magistrate Judge's Order denying Defendant's Motion to Amend **(Docket No. 46, filed December 10, 2003)** is DENIED, the Court finding it could not properly review whether the Magistrate Judge's Order was clearly

erroneous or contrary to law, because Defendant did not submit a transcript of the Magistrate Judge's ruling. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).


                                                              /s/ DENISE PAGE HOOD  
                                                              DENISE PAGE HOOD  
DATED: September 2, 2005                     United States District Judge