# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**THE SERVICE SOURCE, INC. f/k/a**
**MIDWEST TRANSIT CORPORATION,**
**OFFICEVILLE, LLC,**

    **Plaintiff,**

                                      Case No. 02-CV-73361-DT

**v.**

                                       **HONORABLE DENISE PAGE HOOD**

**OFFICE DEPOT, INC.,**

    **Defendant.**

_____/

## ORDER RE: OFFICE DEPOT'S MOTION FOR RECONSIDERATION

On September 2, 2005, the Court entered an Order denying Defendant Office Depot Inc.'s Objections to the Magistrate Judge's Order. Defendant filed the instant Motion for Reconsideration on September 12, 2005.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten (10) days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

In its September 2, 2005 Order, the Court indicated it could not properly review Defendant's Objections since it failed to submit a transcript of Magistrate Judge's reasoning on the record. Defendant has since submitted the transcript. The decision and order of a non-dispositive motion by the Magistrate Judge will be upheld unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). Any appeal of or objections to a magistrate judge's order must be made within ten days of the entry of the order, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). Objections that are only general and are not specific waive the right to appeal. See *Howard v. Secretary of HHS,* 923 F.2d 505, 508-09 (6th Cir. 1991). In a non-dispositive order entered by a magistrate judge, a district judge shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue,* 958 F.2d 684, 690 (6th Cir. 1992). Rule 72(a) provides considerable deference to the determinations of the magistrate judges. *In re Search Warrants,* 889 F.Supp. 296, 298 (S.D. Ohio 1995).

Upon review of the transcript, the Court finds that the Magistrate Judge's findings on the record were not clearly erroneous. The Magistrate Judge found that Plaintiff would be prejudiced by the amendment in that both in pre-litigation and during the litigation everyone acted as though Scott Anderson had the authority to act on behalf of Defendant. (Tr., pp. 13-14) Because the parties have signed the Joint Final Pretrial Order and the Order was entered on September 27, 2005,

pursuant to E.D. Mich. LR 16.2(a), the Joint Final Pretrial Order supersedes any "pleadings" and governs the course of trial.  Rule 7(a) of the Rules of Civil Procedures states that "a complaint and an answer" are pleadings.  Fed. R. Civ. P. 7(a).  The Joint Final Pretrial Order sets forth Defendant's Issues of Fact to be Litigated which includes whether Mr. Anderson had the authority to act on behalf of Defendant.  (JFPTO, p. 16) There is, therefore, no need to reconsider the Court's September 2, 2005 Order since the September 27, 2005 Joint Final Pretrial Order supersedes any pleadings and governs the course of the trial.

Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration of Order Denying Defendant's Appeal from the Magistrate Judge's Order **(Docket No. 97, filed September 12, 2005)** is DENIED as MOOT.


DATED: November 2, 2005

 /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 2, 2005, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager

3