UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THE SERVICE SOURCE, INC.,**
f/k/a **MIDWEST TRANSIT**
**CORPORATION,** a Michigan corporation,

    **Plaintiff,**

                                                        Case No. 02-73361

v.

                                                        HONORABLE DENISE PAGE HOOD

**OFFICE DEPOT, INC.,** a Delaware
Corporation, d/b/a **OD OF MICHIGAN,**
**INC.,**

    **Defendant.**
_____/

## **MEMORANDUM OPINION AND ORDER**

**I.    BACKGROUND**

      Plaintiff, Service Source, Inc. filed the instant action against Defendant Office Depot, Inc. on August 19, 2002. On December 15, 2005, pursuant to a jury verdict, a Judgment of no cause of action was entered in favor of Defendant and against Plaintiff.

      This matter is before the Court on Plaintiff's Motion for a New Trial pursuant to Fed. R. Civ. P. 50, filed on December 29, 2005. Defendant filed a Response to Plaintiff's Motion for a New Trial on January 17, 2006.

**II.    PLAINTIFF'S MOTION FOR A NEW TRIAL**

    **A.  Standard**

Fed. R. Civ. P. 59 provides:

    (a)    **Grounds**. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in

the courts of the United States . . .

Specific grounds for a new trial have included: that the verdict is against the weight of the evidence; that the damages are excessive; that for other reasons the trial was not fair; that there were substantial errors in the admission or rejection of evidence; that the giving or refusal of instructions were in error; and misconduct of counsel. *Clark v. Esser*, 907 F. Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F. 2d 789, 790 (6th Cir. 1980). The grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion. *Logan v. Dayton Hudson Corp.*, 865 F. 2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for new trial to prevent a miscarriage of justice. *Clark*, 907 F. Supp. at 1073; *City of Cleveland*, 624 F. 2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F. 2d 244, 248 (6th Cir. 1991).

Plaintiff raises two reasons as to why this Court should order a new trial. First, Plaintiff asserts that the trial lacked fundamental fairness because the issue of authority was presented to the jury. Second, Plaintiff argues that the verdict was against the great weight of the evidence. Plaintiff contends that there was insufficient evidence to support a finding that Scott Anderson, Defendant's District Sales Manager, lacked apparent authority to bind Defendant to the Supply Agreement, and likewise the evidence did not support the jury's conclusion that Defendant did not ratify the Supply Agreement.

**B.  Submission of the Apparent Authority Issue to the Jury**

Plaintiff argues that the apparent authority issue should not have been submitted to the jury because Defendant failed to raise the issue of lack of authority as an affirmative defense pursuant to Fed. R. Civ. P. 8. Plaintiff asserts that Defendant improperly included this issue in its Cross-Motion for Summary Judgment, which forced the Court to make a ruling on the issue.[1] Plaintiff further argues that the Court's November 2, 2005 Order was erroneous in holding that the Joint Final Pretrial Order supersedes any pleadings and governs the course of the trial, including the issue of whether Mr. Anderson had the authority to act on behalf of Defendant (Order Re: Off. Dep.'s Mot. for Recon., p. 3). In its Order, the Court acknowledged Local Rule 16.2 and its admonition that "the Pre-Trial Order shall not be a vehicle for adding claims or defenses" but once Plaintiff agreed to the Order and the Court signed and entered it, the Order governed the course of the trial. The Court advised Plaintiff that it should not have agreed to the Order if it had objections to any of the claims or defenses. As such, Plaintiff has already raised, and the Court addressed Plaintiff's argument that Defendant should not have been permitted to argue Mr. Anderson's lack of authority.

Plaintiff also asserts that the issue of Mr. Anderson's authority had already been determined as a matter of law well in advance of the parties' submission of the Final Pre-Trial Order. This is based upon Magistrate Judge Whalen's on the record ruling denying Defendant's Motion for Leave to File First Amended Answer, Affirmative Defenses and Counter-Claim. During this proceeding, the Magistrate Judge stated, "it's real clear that he [Scott Anderson] had apparent authority" in denying Defendant's Motion for Leave to File the Affirmative Defense of

---

[1] In its April 12, 2005 Order, this Court held that "[w]hether Anderson lacked any sort of authority to enter into a contract with Plaintiff on behalf of Defendant remains a genuine issue of material fact." (Memo. Op. & Or. Re: Mots. for Sum. J., p. 24)

Mr. Anderson's lack of authority to bind Defendant to the Supply Agreement.  Plaintiff acknowledges that this Court held in its April 12, 2004 Memorandum Opinion and Order Regarding both parties' Motions for Summary Judgment that "whether Anderson lacked any sort of authority to enter into a contract with Plaintiff on behalf of Defendant remains a genuine issue of material fact" and denied Defendant's Motion for Summary Judgment on Count I of the Complaint.  Plaintiff can not justify its assertion that the trial and its issues were by "ambush."  Since the issue had been addressed eight months before the trial commenced, Plaintiff was on notice that this was an issue of material fact to be decided by the jury at trial.

Plaintiff's argument on this issue is denied as lacking merit, the issue of Mr. Anderson's authority to bind Defendant was properly submitted to the jury.  The Court agrees that E.D. Mich.  L.R. 16.2(a) provides that the pretrial order shall not be a vehicle for adding claims or defenses.  However, the Sixth Circuit has ruled that permission to add a new claim or defense by amendment is within the discretion of the trial court, including adding such new claim or defnse in the Final Pretrial Order.  *J.C. Wyckoff & Associates v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1489 (6th Cir. 1991).  It is appropriate to amend theories to conform to the evidence, particularly where the evidence is under the control of the other party.  *Id.*  Additionally, while Magistrate Judge Whalen found that Mr. Anderson had authority to bind Defendant to the Supply Agreement, the Court notes that the Magistrate Judge was ruling on a Motion to Amend the Pleadings, and not a Motion for Summary Judgment on the merits and not a Motion in *Limine* to exclude evidence.

**C. Sufficiency of the Evidence**

4

A court may set aside a verdict and grant a new trial if it finds that the verdict is against the clear weight of the evidence. *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir. 2000). Even if the verdict was against the weight of the evidence, new trials are not to be granted unless the verdict was unreasonable. *Id.* at 820-21. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because the judge feels that other results are more reasonable. *Id.*

### 1. Scott Anderson

Plaintiff claims there was insufficient evidence for the jury to conclude that Scott Andersen did not have apparent authority to bind Office Depot to the Supply Agreement. Defendant counters that the jury's finding that Mr. Anderson lacked apparent authority was reasonable in light of the evidence presented at trial.

Apparent authority is defined as "the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such persons." Restatement (Second) of Agency § 8; *Capital Dredge and Dock Corp. v. Detroit*, 787 F. 2d 588 (6th Cir. 1986). "If the third party, based on a principal's manifestations, reasonably believes that the supposed agent is authorized to enter into a transaction or agreement, the principal will not be allowed to deny liability under the agreement even if the agent had no actual authority to act as a principal." *Id*.

After a review of the evidence, the Court finds that the jury's verdict, that Andersen lacked apparent authority was reasonable, and was not against the clear weight of the evidence. The evidence presented by Defendant on the issue was sufficient for the jury to reasonably conclude the issue in favor of Defendants. Plaintiff merely restates the evidence it presented at

trial, and argues that the jury should have drawn a different inference. This is not enough for the Court to set aside the verdict.

Mr. Louis Meeks testified that Mark Nowak, District Sales Manager in the Detroit Area, took over the handling of the Service Source's account from Scott Anderson. (Def.'s Resp. to Plf.'s Mot. for a New Trial, Ex.9 at 57-59). Mr. Meeks testified that when he sought confirmation of whether the contract could be extended he contacted Mr. Nowak. (Def.'s Resp. to Plf.'s Mot. for a New Trial, at 59). Mr. Meeks further testified that he received a letter from Mr. Nowak on March 6, 2001 which memorialized the previous discussion between the two men regarding Office Depot's disinterest in forming a long-term relationship agreement with Service Source. (*Id.* at 59-63). Mr. Meeks' notes taken during the meeting reflected that Mr. Nowak informed him that Office Depot did not seem interested in a long term annuity type program, but would honor Office Depot's commitment through June. (*Id.*). He also stated that he knew that Mr. Nowak was only the messenger and that the decision to terminate, or extend the relationship was made at the vice president level (Def.'s Resp. to Plf.'s Mot. for a New Trial, Ex. 10 at 89). Mr. Meeks then testified that after he received this letter, he contacted Mr. Anderson, who was the District Sales Manager for the Carolinas, although he had no interest in creating an office in the Carolinas. (Def.'s Resp. to Plf.'s Mot. for a New Trial, Ex. 9 at 59-64; s*ee also* Dec. 7, 2005 Tr., Testimony of Cindy Campbell). Further, Mr. Meeks admitted that he never discussed the matter with Mr. Nowak again, nor was the letter withdrawn. (*Id.* at 62, 67). He also stated that he and Mr. Anderson exchanged proposals in May 2001 regarding a long term relationship with Office Depot. (*Id.* at 67). Mr. Meeks stated that when he discussed extending the agreement with Mr. Anderson, Mr. Anderson informed him that it "was worth pursuing, and the specific

6

means of doing that was for Scott Anderson to work through his hierarchy within the organization." (Def.'s Resp. to Plf.'s Mot. for a New Trial, Ex. 10 at 89). Although it appeared to Mr. Meeks that Cindy Campbell was the decisionmaker, and the person at the top of the hierarchy, he admitted that he never spoke with her or any of her supervisors. (*Id.*; Def.'s Resp. to Plf.'s Mot. for a New Trial, Ex. 9, at 66). Lastly, during the negotiations between Mr. Meeks and Mr. Anderson, none of the exchanged negotiation and execution documents were copied to any of Mr. Anderson's supervisors. (*Id.* at 64, 67-68). The Court finds that the jury could reasonably determine, based on the evidence presented, that Louis Meeks knew that Scott Anderson was acting autonomously. The jury's conclusion on the evidence at trial, particularly Mr. Nowak's March letter, Mr. Anderson's statements regarding his need to work through the company's hierarchy, the Supply Agreement's provision giving Office Depot the right to terminate the Contract on 30 days notice, was reasonable. The Court can not set aside its verdict merely because the jury could have reached a different conclusion. The Court finds that a reasonable jury could reach the same conclusion as the challenged verdict, as such the Court can not set it aside.

### 2. Ratification of the Supply Agreement

Plaintiff argues that there was insufficient evidence for the jury to conclude that Office Depot did not ratify the Supply Agreement because Defendant accepted the benefits of the Agreement by its receipt of $1 million dollars in sales from Plaintiff's referral of customers to Office Depot. Plaintiff also argues that by suing for breach of the Supply Agreement, Defendant thereby ratified it. Defendant counters that, Plaintiff is really arguing that the ratification issue should not have been submitted to the jury, and since Plaintiff provided the jury instruction on

the ratification issue and did not object to its submission to the jury, the issue is not reviewable by this Court under Fed. R. Civ. P. 51(c)(1). *See Hupp Motor Car Corp. v. Wadsworth*, 113 F. 2d 827, 829 (6th Cir. 1940). Defendant also argues that even if the Court reviews the verdict on the ratification issue, the jury reasonably concluded that Office Depot did not ratify the Supply Agreement. Since the Court is not convinced that Plaintiff is arguing the ratification issue should not have been submitted to the jury, the Court will address the merits of Plaintiff's assertion that the jury's finding was against the weight of the evidence.

After review of the evidence, the Court likewise finds that the jury reasonably concluded that Office Depot did not ratify the Supply Agreement. Defendants submitted a letter from the Vice President and Associate Counsel of Office Depot dated December 7, 2001 which stated in no uncertain terms that Office Depot was discontinuing the 2001 Supply Agreement. (Def.'s Resp. to Plf.'s Mot. for a New Trial, Ex. 22). Further, evidence was presented that Office Depot's acceptance of referrals from this point forward took place only during the time that the parties were engaged in trying to compromise and reach a new agreement. Lastly, there was evidence that Office Depot actually incurred detriments rather than benefits from the agreement with Service Source. (*Id.* Ex. 26 at 97-100; 13 at 77-83).

As to Defendant's countersuit for breach of contract, this issue has already been presented and ruled upon by this Court and the Court will not review it here. Plaintiff was allowed to submit a jury instruction that instructed the jury that it could consider Office Depot's counterclaim of breach of contract as an admission. Based upon the evidence submitted at trial, the Court can not hold that the jury's verdict was unreasonable on the issue of ratification, as such the verdict on this issue will not be set aside.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for a New Trial [**Docket No. 141, filed December 29, 2005**] is DENIED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  September 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2006, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager